The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on May 14, 2012, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: May 14, 2012**



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-10033 |
| | ) | |
| MARY L. LEWIS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the Chapter 13 trustee's motion for the imposition of sanctions on the debtor's counsel, Alan I. Silver ("Attorney Silver"), pursuant to Federal Rule of Bankruptcy Procedure 9011 (Docket #20) and Attorney Silver's objection (Docket #24).

JURISDICTION

A motion for sanctions on an attorney pursuant to Federal Rule of Bankruptcy Procedure 9011 is a core proceeding under 28 U.S.C. § 157(b)(1).

---

[1] This opinion is not intended for official publication.

This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Orders 84 and 2012-7 of the United States District Court for the Northern District of Ohio.

PROCEDURAL HISTORY

On March 15, 2011, Third Federal Savings and Loan initiated a foreclosure proceeding against the debtor, Mary L. Lewis, in Cuyahoga County Court of Common Pleas, case no. CV-11-751023. On May 23, 2011, the debtor's counsel, Attorney Silver, filed the debtor's first petition for relief under Chapter 7 of the Bankruptcy Code, case no. 11-14423. In the debtor's Chapter 7 case, Third Federal Savings and Loan filed a motion for relief from stay and abandonment concerning the debtor's property located at 2090 Newbury Drive, East Cleveland, Ohio 44112 ("the East Cleveland property"), and alleged an arrearage owed in the amount of $12,470.92 through the June 2011 payment. The motion was properly served on Attorney Silver, and on July 14, 2011, the Court granted the motion without any opposition.

On December 5, 2011, the state court scheduled the East Cleveland property to be sold at a foreclosure sale on January 9, 2012. On January 4, 2012, Attorney Silver filed a voluntary petition for relief under Chapter 13 on behalf of the debtor. After Attorney Silver provided notice of the bankruptcy filing to Third Federal

2

Savings and Loan, the foreclosure sale was cancelled.

The debtor's Schedule A stated that the debtor owned real property located at 2090 Newbury Drive, East Cleveland, Ohio 44112, and debtor's Schedule D stated that Third Federal Savings and Loan held the first mortgage on that property in the amount of $110,923.00.  Also on January 4, 2012, Attorney Silver filed the debtor's Chapter 13 plan of reorganization, which asserted in paragraph 3A that the estimated arrearage claim by Third Federal Savings and Loan with regard to the East Cleveland property was $0.  However, on January 13, 2012, Third Federal Savings and Loan filed a proof of claim asserting a prepetition arrearage of $29,417.90.

On March 13, 2012, the Chapter 13 trustee filed a motion for the imposition of sanctions on Attorney Silver pursuant to Federal Rule of Bankruptcy Procedure 9011, alleging that no reasonable basis existed for Attorney Silver to assert in debtor's Chapter 13 plan that there was no arrearage claim by Third Federal Savings and Loan with regard to the East Cleveland property.  Further, the Chapter 13 trustee alleges that Attorney Silver was on notice of the arrearage because of Attorney Silver's prior representations of the debtor.

On March 22, 2012, Attorney Silver responded to trustee's motion for sanctions.  Attorney Silver admitted having knowledge of the foreclosure

proceedings, but asserted that he relied on information from the debtor's financial advisor, Grady Evans ("Mr. Evans"), indicating that a representative of Third Federal Savings and Loan had agreed to a loan modification that would add the arrearage to the end of the mortgage. Attorney Silver asserted that he believed he could rely upon the word of the person most knowledgeable of the debtor's circumstances. Attorney Silver further argued that because a voluntary dismissal was filed on March 8, 2012, this matter falls within the 21-day safe harbor provision of Rule 9011. For the reasons that follow, the Court finds that sanctions under Federal Rule of Bankruptcy Procedure 9011(c) are appropriate.

## DISCUSSION

The Chapter 13 trustee seeks sanctions against Attorney Silver under Federal Rule of Bankruptcy Procedure 9011 for failing to make a reasonable inquiry into the existence of a prepetition arrearage on the obligation secured by the East Cleveland property or for misstating the existence of a prepetition arrearage despite having knowledge to the contrary. Federal Rule of Bankruptcy Procedure 9011 provides, in pertinent part:

> (b) Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information,

4

> and belief, formed after an inquiry reasonable under the circumstances,—
>
> . . . .
>
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Bankr. P. 9011(b)(3). Attorney Silver asserts that reliance on Mr. Evans, the debtor's financial advisor, constituted reasonable inquiry under the circumstances, which included the fact that the debtor's home was scheduled for foreclosure sale within five days. While Attorney Silver appears to have acted in good faith, it was not reasonable to rely solely on Mr. Evans's representations as to Third Federal Savings and Loan's purported agreement to modify its loan with the debtor. Rather, Attorney Silver should have obtained something in writing from Mr. Evans, the debtor, or Third Federal Savings and Loan to verify that a loan modification was at least under active consideration. Alternatively, Attorney Silver could have noted in the "special provisions" section of the plan that the arrearage would be addressed in a loan modification with Third Federal Savings and Loan. In addition, Attorney Silver could have waited up to 14 days after filing the Chapter 13 case to file the Chapter 13 plan. *See* Fed. R. Bankr. P. 3015(b). Accordingly, it was not reasonable, under the circumstances, for Attorney Silver to

5

make the *unqualified* representation in the debtor's Chapter 13 plan that the estimated mortgage arrearage was $0.

Attorney Silver also argues that sanctions are inappropriate because he complied with the safe harbor provision in Rule 9011 by filing a motion for voluntary dismissal of the debtor's case within 21 days of being served with the motion for sanctions. *See* Fed. R. Bankr. P. 9011(c)(1)(A) ("The motion for sanctions may not be . . . presented to the court unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn or appropriately corrected . . . ."). While Attorney Silver may have intended to fall within the safe harbor provision of Rule 9011 by moving for voluntary dismissal of the debtor's bankruptcy case on March 8, 2012, such action failed to meet the safe harbor requirements of Rule 9011(c)(1)(A) that "the challenged paper, claim, defense, contention, allegation, or denial [be] withdrawn or appropriately corrected." Had Attorney Silver filed an amended Chapter 13 plan or withdrawn the challenged Chapter 13 plan, the safe harbor provision would apply. However, the motion for voluntary dismissal under § 1307(b), while arguably making moot any further reliance on the challenged plan, did not "correct" the challenged paper, particularly after the Court found on April 19, 2012, that the debtor had been

6

confused when she spoke with Attorney Silver and did not really want her Chapter 13 case to be dismissed.

Federal Rule of Bankruptcy Procedure 9011(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys." Rule 9011 permits a broad array of nonmonetary sanctions, plus monetary sanctions limited to what would be sufficient to deter such conduct in the future. The Court is confident that a minimal monetary sanction, coupled with the nonmonetary sanction associated with a written finding of a Rule 9011 violation, is sufficient to deter future violations. Accordingly, Attorney Silver is directed to pay the sum of $200.00 to the clerk of court within 30 days. Based in part on a lack of prior sanctions and no indication that Attorney Silver acted in bad faith, the Court declines to award attorney's fees to the Chapter 13 trustee.

## CONCLUSION

For the foregoing reasons, the Court sanctions Attorney Silver under Federal Rule of Bankruptcy Procedure 9011, and orders him to pay the sum of $200.00 to the clerk of court within 30 days.

IT IS SO ORDERED.